## PERKINS v PITMAN & al.

A deputy sheriff, to whom a writ of attachment is delivered, with instructions to attach thereon a specific chattel, cannot avoid liability for neglecting to make the attachment, upon the ground that no indemnity was furnished against the liability which he might incur, or that his fees for the service were not paid or tendered, unless, at the time of receiving the instructions, or subsequently, upon ascertaining the true situation of the property, he gave notice to the party requesting the attachment that he objected to proceeding, for those reasons.

A writing, signed by the deputy and returned with the writ, by which the deputy promised to be accountable to the plaintiff for the amount of the judgment which might be recovered in the suit, does not subject the sheriff to official accountability, and is not, therefore, equivalent to a return of property attached.

The measure of damages in an action against the sheriff or his deputy, for such neglect, is the amount of the judgment, or so much thereof as the value of the property which the deputy neglected to attach would have been sufficient to satisfy.

The deputy who is liable for such neglect is not a competent witness for the defendant in the action upon the writ in which he thus neglected to make the attachment.

ASSUMPSIT upon a promissory note. The defendants offered the deposition of one George Pitman, to which the plaintiff objected on the ground that he was interested. The witness was the deputy sheriff who served the writ in this action. When it was handed to him for service, he was directed to attach upon it certain cattle, shown to him as the property of the defendants. No question was made as to the ownership of the cattle, and he took the writ without objection, and did not ask for any indemnity nor for his fees. Within a few days after, he returned the writ to the plaintiff, with his return thereon, that he had summoned the defendants and had made an attachment of property merely nominal. At the same time he gave to the plaintiff a paper signed by himself, as follows : " Mr. Perkins : I have not returned any property on the writ, but will be ready to be accountable for the same when you recover judgment."

The plaintiff also offered evidence to prove that the witness had said some time after this to the plaintiff that he had not

attached any property on the writ, but that he would hold himself responsible for the judgment which the plaintiff might recover. The court admitted the deposition, subject to the exception. A verdict was returned for the defendants, and the plaintiff moves that the same be set aside.

*J. W. & G. C. Williams*, for the plaintiff.

The only question arising in the case is as to the competency of George Pitman as a witness, and it would seem to be a question of no doubt. He was clearly interested in the result of the cause, and must gain or lose by the direct legal operation and effect of the judgment, as that would be competent evidence against him in another action. 1 Greenl. Ev., sec. 386. He had no excuse and made no objection to attaching the property shown to him. He undertook to assume the liability of the defendant to the plaintiff, by becoming responsible personally, and to avoid his liability to the plaintiff for not obeying his instructions in neglecting to attach the property by relying on the plaintiff's inability to recover at all. He does not attach property which he allows to go into the hands of a receipter, or of the debtor himself, and thus make himself responsible that it shall be forthcoming to answer the judgment, but he fails to attach at all; and if the plaintiff obtains judgment he cannot call for the property, as if returned on the writ, or ask the officer to bring it forward, as though attached. He can only rely upon the personal obligation of the officer, either that he will be responsible for neglecting to attach, or that he will be responsible for the amount of the debt. Nothing could be more direct and substantial than the officer's interest in the event of the suit. It is as if he had executed a bond, conditioned to pay the plaintiff his debt, provided he should recover judgment upon it. Where an individual was surety upon a bond conditioned to pay the plaintiff the amount of a judgment recovered by him, unless the judgment should be reversed on review, he is incompetent as a witness on such review. *Dearborn* v. *Dearborn*, 10 N. H. 473.

Decisions involving similar principles, arising in cases of bail,

indorsers, &c., are frequent, settling the incompetency of such witnesses, because they are made liable or are discharged by the judgment against or in favor of the principal. *Lacon* v. *Higgins*, 3 Starkie 132 ; *Hall* v. *Baylies*, 15 Pick. 51 ; *Bridge* v. *Bragg*, 11 N. H. 102. When the event of the suit, if it is adverse to the party adducing the witness, will render the latter liable either to a third person or to the party himself, whether the liability arises from an express or implied legal obligation to indemnify, or from an express· or implied contract to pay money upon that contingency, the witness is incompetent. 1 Greenl. Ev., sec. 393 ; *Frothingham* v. *Greenwood*, 1 Stra. 129 ; *Foster* v. *Pigon*, 1 M. & S. 9.

*Burns & Fletcher*, for the defendants.

The officer was not bound to attach the property without indemnity and without his fees ; but if he were, he is not liable for not returning it upon the writ, provided it is forthcoming to satisfy the judgment ; and if he should be held liable in a suit for not attaching or returning the property, the judgment here would not be conclusive upon him.

SAWYER, J. When the writ was placed in the hands of Pitman, the witness, for service, with instructions to attach certain designated property of the defendants, he was at liberty to decline the responsibility of intermeddling with the property, if any doubt existed whether it belonged to the debtors, until he received indemnity against any liability which he might incur by the proceeding. So, too, he might decline to proceed until his fees were paid, if there was any reason to apprehend he might not be able to obtain pay for the service after it had been performed. But upon receiving the writ with such instructions, if he would avail himself of the right which he had to require such indemnity, or to receive his pay in advance, he was bound to inform the party who placed the writ in his hands that he objected to proceed without the indemnity or payment. If he made no objection on these grounds, either at the time of receiving the writ or subsequently,

when he had had full opportunity to ascertain the situation of the property, he would not be at liberty to insist upon the fact that the indemnity had not been offered nor his fees tendered, as a justification of his neglect to proceed and make the attachment directed. The case finds that there was no question as to the ownership of the property. We understand from the facts stated that nothing appeared at the trial to show that the officer had any reason to decline making the attachment because of any risk he might incur, or to show that in fact he did decline for that reason, or for the reason that his fees were not paid in advance. On the contrary, it is to be understood that he neglected or refused to make the attachment without any legal or sufficient cause, supposing, as is to be inferred from his returning with the writ, the promise in writing to be accountable for the amount of the judgment, that it would answer every purpose, so far as the plaintiff was concerned, for him to give his personal guaranty that the judgment should be satisfied, as well as to return an attachment, by which not only himself but the sheriff would be held to the liabilities which in law attach to them in their official capacity in such a case. It was the right of the plaintiff to have the lien on the property which the attachment would have given. It was the duty of the deputy to proceed and make the attachment, as directed. Having received the writ without objection, either then or at any subsequent time, he was bound to proceed, and for neglecting his duty in this particular the plaintiff has a right of action against him.

We do not consider the writing signed by the deputy, and returned with the writ, nor any other promise or understanding of his, shown by the evidence offered, to respond to the plaintiff for the amount of the judgment which he might recover, as subjecting the deputy to any liability material to be considered in deciding this case. It is unnecessary to consider whether those promises do or do not give the plaintiff any right of action against him. The plaintiff was not bound to accept such a personal undertaking in place of the lien by attachment, and the officer cannot, by undertaking in that manner to reduce his official to a

mere personal liability, change his responsibilities resulting from neglect of his official duty.   If an attachment had been made as directed, the plaintiff would have held the property as his security for obtaining satisfaction of the judgment which he may recover in the suit.   Without that security he may have lost all benefit from his future judgment.   The damages, therefore, which he may sustain may be the whole amount of the debt and costs to be recovered in the judgment.   If nothing is recovered, of course no actual damages will have been sustained, while a recovery of a judgment for a greater or less amount will determine the precise extent of the liability of the witness for the neglect, up to the limit of the value of the property which he was directed to attach.   The witness, then, had a direct interest in the judgment to be recovered, and an interest adverse to a recovery by the plaintiff.   If his testimony might defeat the plaintiff's action entirely, he would thereby avoid the liability which he had incurred, if not entirely by defeating the whole cause of action which the plaintiff has against him, at least to the extent of defeating it so far as it existed for actual damages sustained. Admitting that the plaintiff might have an action for the neglect, even without judgment in his favor in this suit, it could be for nominal damages only, while the recovery of a judgment might swell the damages to its full amount.   The judgment would be evidence against the witness in a suit by the plaintiff against him.   Whenever a witness is so situated that he is called to testify in support of an action in which the judgment for the party introducing him may be evidence for himself in another suit between him and another person, or he is called to defeat an action in which the judgment against the party calling him would be evidence against himself in such other suit, he has a direct interest in the event of the suit, as he is testifying to promote a judgment which may be used as evidence in his favor, or to defeat one which his adversary may use against him.   The latter was precisely the situation of the witness in this case.   His testimony was used to defeat a judgment which the plaintiff could

use as evidence against him in a suit hereafter to be brought against him for his neglect of duty, and he consequently should have been excluded. Having been improperly admitted to testify, the verdict, for that cause, must be set aside and

*A new trial granted.*